EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BONIFACIO RIBAS MALDONADO, acusado y apelante.

*Número:* 16545. *Resuelto:* 1 de septiembre de 1961.

*José Aulet,* abogado del acusado-apelante; *J. B. Fernández Badillo,* Procurador General de Puerto Rico y *Héctor R. Orlandi Gómez,* Procurador General Auxiliar, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

En el presente caso mientras declaraba un policía como testigo de cargo, el abogado defensor inquirió de éste si antes del juicio, había prestado alguna declaración ante un funcionario público relacionada con los hechos del caso que se estaba ventilando. Solicitó al fiscal que le entregara copia de la declaración. El fiscal se opuso y el juez lo sostuvo. Manifestó el juez, al resolver la objeción del fiscal, que el acusado no había establecido las bases para impugnar la veracidad del testigo exponiendo que lo procedente "no es preguntarle sobre si hizo alguna manifestación o sobre si prestó alguna declaración en otra ocasión sino enfrentarlo directamente con esas manifestaciones y preguntarle si las hizo o no las hizo." (T. de E. pág. 18–19).

Una serie de decisiones(1) de este Tribunal establecieron, que para tener derecho un acusado a obtener copia de la declaración jurada prestada por un testigo en su contra, tenían que establecerse previamente las bases de la impugnación mientras el testigo era contrainterrogado. Las bases se establecían preguntándole si en alguna ocasión había hecho manifestaciones relacionadas con los hechos sobre los cuales estaba declarando; y si era cierto o no que en esa ocasión él había hecho tal o cual manifestación, que era contraria a lo que declaraba en el acto del juicio. Hasta que se sentaban

---

(1)*Pueblo* v. *Díaz,* 5 D.P.R. 202 (1904), *Pueblo* v. *Ramírez,* 41 D.P.R. 747 (1931), *Pueblo* v. *Coto,* 48 D.P.R. 147 (1935) y *Pueblo* v. *Garcés,* 78 D.P.R. 102 (1953), entre otras.

las bases no procedía que el juez hiciera una determinación en cuanto a la petición del acusado para que se le entregara la declaración jurada.

Las últimas dos decisiones de este Tribunal relacionadas con la materia que ahora consideramos son *Pueblo* v. *Tribunal Superior*, 80 D.P.R. 702 (1958) y *Pueblo* v. *Cortés*, 79 D.P.R. 818 (1957). El primero no es autoridad para resolver el problema que plantea el caso de autos. No lo es, porque lo que estaba envuelto era el derecho del acusado a obtener, previo al juicio, una copia de su confesión. El segundo no es tampoco autoridad para resolver este caso. En *Cortés* el acusado cumplió con lo que en el presente caso el juez de instancia exigió debía establecerse, antes de que procediera considerar si el acusado tenía derecho o no a que se le facilitara la declaración, que previo al juicio, había prestado un testigo de cargo. Sostuvimos que había errado el juez sentenciador al no ordenar al fiscal que entregara la declaración.

En éste la cuestión a resolver es si presentado por el fiscal un testigo que previamente ha prestado una declaración, el acusado tiene derecho cuando lo interroga a que, establecido que la declaración se refiere a los hechos del caso, sin más, se le facilite copia de esa declaración.

Al considerar esta cuestión debemos estar conscientes de lo que dijimos en *Pueblo* v. *Tribunal Superior*, supra, al efecto de que la tendencia es "conceder al acusado las más amplias oportunidades para defenderse", ya que "no se debe perder de vista que el objetivo de todo procedimiento judicial es el esclarecimiento de la verdad."

La cuestión aquí planteada ha sido reiteradas veces sometida a la consideración de los tribunales, pero no fue hasta que se resolvió *Jencks* v. *United States*, 353 U.S. 657, 77 S. Ct.

1007, 1 L. Ed. 1103 (1957) (²) que se recruduce el interés por este aspecto del derecho procesal en casos criminales.

█ No es necesario determinar si negarle al acusado copia de la declaración jurada por él solicitada para impugnar la veracidad de un testigo de cargo infringe los preceptos básicos del debido proceso de ley. Cf. *Cicenia* v. *Lagay*, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed. 2d 1523 (1958); *Leland* v. *Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952). Margolin, *Due Process and Right of Confrontation—Jencks Act*, 58 Mich. L.Rev. 888 (1960). Lo que aquí está envuelto no son conceptos mínimos de garantía constitucional. Hay algo más. Es el principio que sólo se hace justicia cuando se conoce toda la verdad. *State* v. *Johnson*, 28 N.J. 133, 145 A.2d 313 (1958) y *Hickman* v. *Jencks*, 14 Van.L.Rev. 865, 875 (1961). Es esencial a nuestro sistema de gobierno que se establezcan aquellas prácticas procesales que hagan más fácil el descubrimiento de la verdad. En una verdadera democracia todo ciudadano tiene derecho a que si es acusado de delito público, se le procese y condene bajo unas reglas que le garanticen un juicio justo en el concepto lato del término, ya que el estado no está interesado en interponer obstáculos para que se conozcan todos los hechos y pueda descubrirse la verdad. *People* v. *Moses*, 11 Ill.2d 84, 142 N.E.2d 1 (1957). Como se dijo en *People* v. *Riser*, 47 Cal.2d 566, 586, 305 P.2d 1, 13 (1956):

"En ausencia de un requisito gubernamental exigiendo que se mantenga confidencial la información obtenida para el más eficaz cumplimiento de la ley, el estado no tiene interés en negarle al acusado acceso a toda evidencia que pueda dar luz sobre

---

(²) El Congreso aprobó un estatuto 18 U.S.C.A. 3500, para regular el derecho a obtener documentos en poder del gobierno. Lo limitó a declaraciones y sólo cuando el testigo que las hizo era contrainterrogado por la defensa y con el objeto de impugnar su veracidad. Este estatuto restó virtualidad al caso de *Jencks*. *Palermo* v. *United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), aunque la corte en este último afirmó que su decisión en *Jencks* no iba más allá que lo que el propio estatuto establecía. Véase a ese mismo efecto Goldstein, *The State and the Accused: Balance of Advantage in Criminal Procedure*, 69 Yale L. J. 1149–1182 (1960).

las cuestiones envueltas en el caso, y en particular no hay interés en condenar basándose en declaraciones de testigos que no han sido rigurosamente contrainterrogados e impugnados tan a fondo como la evidencia permitiría. El negar de plano el derecho a exigir los documentos a base de que se crearía un desequilibrio entre las ventajas del fiscal y la defensa, (³) sería perder de vista cuál es el verdadero propósito de un juicio criminal, averiguar los hechos."

■ Ahora, en cuanto al requisito exigido por la jurisprudencia de que debe enfrentarse al testigo con manifestaciones contrarias a las que expresó en su testimonio directo, para entonces tener derecho a que el fiscal le proporcione copia de la declaración que prestó antes del juicio es una exigencia, que desde que se resolvió el caso de *Jencks* (⁴) las cortes estatales han venido eliminando, y ordenan al fiscal a entregar copia de la declaración cuando se ha establecido que la misma se refiere a los hechos del caso que se ventila. Al planteársele esta cuestión a la Corte Suprema de California se expresó así en *People* v. *Chapman*, 52 Cal.2d 95, 98, 338 P.2d 428, 430 (1959):

"Para poder exigir la presentación de una declaración anterior prestada por un testigo de cargo, no es necesario que el acusado demuestre que existe un conflicto entre la declaración anterior y el testimonio del testigo. (Jencks v. United States, 353 U.S. 657, 666–668 [77 S. Ct. 1007, 1 L.Ed2d 1103]). Según se indica en dicho caso el requerir prueba de un conflicto equivaldría, en muchos casos, a negarle al acusado el beneficio de prueba que sería pertinente y material. Generalmente un acusado no puede demostrar que una declaración contiene afirmaciones contradictorias hasta que la haya leído, y si el demostrarlo

---

(³) El desbalance a que alude la cita se refiere a la ventaja que según algunos tribunales derivaría un acusado si obtuviera antes del juicio la evidencia en poder del fiscal. Pero esa ventaja claramente desaparece cuando la declaración jurada es entregada durante el juicio, mientras el abogado contrainterroga al testigo.

(⁴) A pesar de que *Jencks* no era obligatorio para las jurisdicciones estatales, aquellas de tendencias liberales han seguido la filosofía que lo inspiró. El estatuto federal 18 U.S.C.A. 3500 tampoco requiere que, previo al examen, se demuestre inconsistencia. Sólo requiere que se refiera al asunto.

fuese una condición precedente a la presentación, sus derechos se harían depender del hecho sumamente incidental de su conocimiento cabal del contenido de dicha declaración. Por tales motivos desaprobamos cualquier implicación en People v. Gallardo, 41 Cal.2d 57, 67 (257 P.2d 29) y People v. Riser, 47 Cal.2d 566, 587 (305 P.2d 11) al efecto de que el derecho de un acusado a obtener la presentación de una declaración hecha por un testigo de cargo, depende de una demostración de que dicha declaración contradice el testimonio del testigo."

Al mismo efecto *People* v. *Estrada*, 54 Cal.2d 717, 355 P.2d 641 (1960) y *State* v. *Hunt*, 25 N.J. 514, 138 A.2d 1 (1958).

La propia Corte Suprema Federal en *Campbell* v. *United States*, 365 U.S. 85, 92, 81 S.Ct. 421, 5 L.Ed 2d 428, 434 (1961) se expresa así a la pág. 92:

"La Ley Jencks limita el acceso que un acusado pueda tener, a aquellos documentos que se ajusten a la definición que da el estatuto de lo que deberá entenderse por 'declaración' y que se relaciona con el asunto acerca del cual ha declarado el testigo. *Palermo* v. *United States*, 360 U.S. 343, 79 S.CT. 1217, 3 L.Ed.2d 1287 (1959). El estatuto requiere, sin embargo que el juez deberá ordenar a petición del acusado y después que un testigo llamado por los Estados Unidos haya declarado en interrogatorio directo, ordenar a los Estados Unidos que presente dichas 'declaraciones'. Hasta ese punto como lo afirma el historial legislativo, la Ley Jencks 'reafirma' nuestra decisión en *Jencks* v. *United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957) a los efectos de que un acusado enjuiciado en un procedimiento criminal federal tiene derecho, para propósitos de impugnación a obtener declaraciones pertinentes y materiales de un testigo gubernamental y que se encuentren en poder del gobierno y se relacionen con los hechos o actividades sobre las cuales el testigo ha declarado en corte. S. Rep. No. 981, 85th Cong. 1st. Sess., p. 3. Véase H. R. Rep. No. 85th Cong., 1st. Sess., pp. 3–4. El propósito del estatuto es propulsar una más justa y equitativa administración de la justicia criminal, meta de la cual la judicatura es el guardián por excelencia."

Siguiendo la tendencia, a que aludimos, en *Pueblo* v. *Tribunal Superior*, supra, procede que adoptemos como norma

procesal en esta jurisdicción aquella que ofrece al acusado oportunidad de obtener copia de cualquier declaración que haya prestado un testigo de cargo, si la solicita luego de haber prestado testimonio y cuando se esté en el turno de repregunta, y si la misma se refiere a los hechos en controversia en el caso que se está ventilando. (⁵)

La situación en el presente caso cuadra dentro de lo requerido por la norma que ahora adoptamos por lo que fue error del juez de instancia negarle al apelante su solicitud de que el fiscal le entregara la declaración jurada por él solicitada. Y el error cometido conlleva la revocación de la sentencia. En vista del resultado a que hemos llegado es innecesario discutir los otros errores señalados.

*Procede por tanto revocar la sentencia apelada y devolver el caso para un nuevo juicio.*

El Juez Presidente Sr. Negrón Fernández no intervino.

---

(⁵) La Núm. 105 de las Reglas de Evidencia para el Tribunal General de Justicia adoptadas por el Tribunal Supremo y remitidas a la Asamblea Legislativa el 9 de enero de 1961 establecen el procedimiento para obtener copia de una declaración jurada en poder del fiscal, prestada por un testigo de cargo.