EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DESIDERIO DÍAZ DÍAZ, acusado y apelante.

*Número:* CR–62–7     *Resuelto:* 16 de noviembre de 1962

*Herminio Concepción de Gracia,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Jenaro Marchand, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El apelante fue acusado y convicto de homicidio involuntario. Arrolló a un menor mientras conducía un vehículo pesado de motor. Cuando el fiscal terminó de presentar la prueba en contra del apelante renunció parte de la que tenía para sostener la acusación. Puso a la disposición de la defensa unos testigos por entender que su testimonio constituía prueba acumulativa. El acusado antes de comenzar a presentar su prueba solicitó le entregaran las declaraciones juradas que estos testigos habían prestado y que estaban en poder del fiscal. Esta petición fue negada.

La defensa presentó como su primer testigo a uno de los que el Pueblo renunció. Era policía estatal y practicó la investigación del caso antes de la intervención de la fiscalía. Declaró sobre todas las gestiones que había realizado y sobre los hechos que había observado. Específicamente fue preguntado sobre cómo aparecía el camión, las raspaduras que tenía, dónde había sangre, etc. La defensa insiste en preguntarle detalles sobre lo que observó en el camión, y entonces solicita nuevamente del fiscal que le suministre la declaración jurada que el testigo prestó durante la investigación del caso. Se negó nuevamente la solicitud y al resolver la cuestión el juez manifiesta: "El tribunal ha resuelto que el fiscal no tiene que entregar ese documento. Se le ha entregado el testigo y ahí está el testigo." Esta negativa del juez a entregar la declaración jurada se apunta como error.

En *Pueblo* v. *Ribas,* 83 D.P.R. 386 (1961) resuelto con posterioridad a la fecha en que se celebró el juicio en este caso, resolvimos que un acusado tiene derecho a obtener

copia de cualquier declaración que haya prestado un testigo de cargo si la solicita luego de haber éste prestado testimonio, y cuando se esté en el turno de repregunta y si la misma se refiere a los hechos en controversia en el caso que se está ventilando. Luego en *Pueblo* v. *Ramos Cruz*, 84 D.P.R. 563 (1962), se nos planteó la cuestión de si el acusado tenía derecho a que el fiscal le entregara las copias de las declaraciones juradas prestadas por los testigos de cargo que el ministerio público no utilizó y que puso a la disposición de la defensa. Apuntamos que en ese caso a pesar de que la defensa conferenció con los testigos que el fiscal renunció, no los llamó a declarar. Resolvimos que no estando presentes los requisitos que expusimos en *Ribas*, el acusado no tenía derecho a obtener copia de las declaraciones. Lo mismo se resolvió en *United States* v. *Kabot*, 295 F.2d 848 (2do. cir. 1961); Cert. denegado, 369 U.S. 803 (1962); ver Arroyó, Comentarios a *Pueblo* v. *Ribas*, 23 Rev. C. Abo. P.R. 122 (1961).

La situación que este caso nos presenta es distinta a la que consideramos en *Ramos Cruz*. Aquí la defensa utilizó el testigo que el fiscal renunció por constituir prueba acumulativa, y después que éste ha declarado extensamente surge la petición al efecto de que se facilite la declaración jurada. Fundamento de nuestro dictamen en *Ribas* fue que una vez que el testigo presentado por el fiscal declara, la defensa debe tener la oportunidad de impugnar su declaración demostrando a que anteriormente cuando declaró durante la investigación del caso había relatado hechos distintos. La situación en *Ramos Cruz* era distinta. En *Ramos Cruz* los testigos que renunció el fiscal no fueron utilizados por la defensa, así no estaba presente la razón motivadora que aparecía en *Ribas*. Si no habían declarado no había motivo de impugnación. Los hechos que presenta el caso de autos son distintos. Aquí el testigo renunciado por el fiscal presta testimonio y aunque ha sido presentado por la

defensa nada más razonable que el acusado tenga la oportunidad de examinar la declaración para determinar si lo declarado durante el juicio coincide en sus aspectos esenciales con lo que manifestó anteriormente. Esto está en armonía con la tesis de que lo que se intenta es descubrir la verdad para poder hacer verdadera justicia. Después de todo "el estado no está interesado en interponer obstáculos para que se conozcan todos los hechos y pueda descubrirse la verdad". *Pueblo* v. *Ribas*, supra. Impedir que la defensa en una situación como la que este caso presenta, obtenga la declaración prestada por el testigo, no es cónsono con el concepto de justicia que debe inspirar todo proceso criminal. *Powell* v. *Superior Court*, 312 P.2d 698 (Calif. 1957); 35 Wash. L. Rev. 168 (1960). Existe una clara tendencia para hacer del proceso judicial en causas criminales uno cada vez más justo y equitativo. Louisell, *Criminal Discovery: Dilemma Real or Apparent?* 49 Calif. L. Rev. 56 (1961); Goldstein, *The State and Accused Balance of Advantage in Criminal Procedure,* 69 Yale L. J. 1149 (1960); *Cleary, Heckman* v. *Jencks,* 14 Vand. L. Rev. 865 (1961); *Development in the Law, Discovery,* 74 Harv. L. Rev. 940, 1051 (1961).

Recientemente la Corte Suprema de Nueva Jersey consideró una cuestión análoga a la que estamos aquí resolviendo. *State* v. *King,* 181 A.2d 158 (1962). Allá el Estado citó a un testigo pero no lo utilizó. Cuando el fiscal terminó su prueba este testigo se ofreció a la defensa. La defensa lo utilizó y cuando estaba declarando solicitó la declaración jurada prestada durante la investigación. Al resolver la cuestión de si procedía entregar la declaración, la corte de Nueva Jersey dictaminó que el juez que preside la vista debe examinar previamente la declaración y si en la declaración jurada aparece información y datos sobre los cuales no ha declarado en juicio y que pueden ayudar a la defensa, la corte en su discreción, puede permitir que la defensa

examine la declaración.  Pero en *Ribas* no dejamos esta determinación a la discreción del juez.  Resolvimos que presentes los requisitos que establecimos procedía la entrega de la declaración.

En consonancia con la norma que adoptamos en *Ribas,* nos parece que si el testigo que renuncia el fiscal declara presentado por la defensa y luego de declarar sobre los hechos del caso, surge que éste ha prestado anteriormente una declaración jurada sobre los mismos hechos, es deber del fiscal facilitársela a la defensa.  Si el fiscal lo solicita, el juez que preside la vista, al igual que en situaciones como la de *Ribas,* examinará la declaración antes de entregarla a la defensa para determinar si la misma contiene información que deba ser mantenida confidencial "para fines de una efectiva persecución del delito".  *People* v. *Riser,* 305 P.2d 1 (Calif. 1956) citado con aprobación en *Ribas; People* v. *Rosario,* 173 N.E.2d 881 (N.Y. 1961); 28 Brooklyn L. Rev. 166 (1962).  Si el juez así lo determinare, ordenará que se transcriba la declaración eliminando aquella materia que no deba ser conocida y entregará entonces copia a la defensa.

*En vista de la conclusión a que hemos llegado, no es necesario considerar los otros errores apuntados.  Debe revocarse la sentencia apelada y celebrarse un nuevo juicio.*