El Pueblo de Puerto Rico, recurrido, *v.* José Aguayo Huertas, peticionario.

*Número:* CC-2004-562        *Resuelto:* 3 de febrero de 2006

*Ana E. Andrade Rivera*, abogado de la parte peticionaria; *Roberto J. Sánchez Ramos*, procurador general, abogado de la parte recurrida.

## SENTENCIA

En este caso se presentaron cargos contra el Sr. José Aguayo Huertas (el peticionario) por los delitos de asesinato en primer grado, amenaza a testigos, restricción de la libertad agravada, escalamiento agravado y dos cargos por portación ilegal de armas.[1] El Tribunal de Primera Instancia determinó causa probable en todos los cargos. Luego de celebrada la vista preliminar, la defensa del peticionario presentó una moción de descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en la que solicitaba que el Ministerio Fiscal pusiera a su disposición varios informes, declaraciones, fotografías, actas y cierta información sobre los testigos. Posteriormente, el Ministerio Fiscal presentó una moción al amparo de la Regla 95A de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en la que solicitó, entre otras cosas, una copia de la grabación magnetofónica de la vista preliminar tomada por la defensa del peticionario. La defensa se negó a poner la referida grabación a disposición del Ministerio Público,

---

[1] Estos cargos corresponden a los Arts. 83, 239a, 131 y 171 del Código Penal de 1974 (33 L.P.R.A. secs. 4002, 4435a, 4172 y 4277) y al Art. 5.04 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 414, respectivamente.

alegando que estaba exenta de descubrimiento, ya que era producto de su labor de representación legal (*work product*).

El foro de primera instancia celebró una vista para discutir la posición de las partes sobre esta contención. Finalmente, el Tribunal de Primera Instancia acogió el planteamiento del peticionario y concluyó que la grabación estaba fuera del alcance del descubrimiento de prueba, por lo cual no tenía que ponerse a disposición del Ministerio Fiscal. Inconforme con esta decisión, el Ministerio Fiscal acudió vía recurso de *certiorari* ante el Tribunal de Apelaciones. Este foro emitió una sentencia en la cual revocó al Tribunal de Primera Instancia y ordenó a la defensa del peticionario descubrir la grabación objeto de la controversia, por entender que no era producto de la labor de representación legal del peticionario.

De esta sentencia del Tribunal de Apelaciones recurre ante nosotros, mediante un auto de *certiorari*, el Sr. José Aguayo Huertas. Como único error, señala que el foro apelativo se equivocó al resolver que la grabación hecha por su abogado durante la vista preliminar no constituía producto de su labor de representación legal (*work product*) y que, por lo tanto, debía ser puesta a disposición del Ministerio Fiscal. Luego de examinar detenidamente el asunto, este Tribunal se encuentra igualmente dividido en cuanto a cuál es la decisión correcta para la controversia presentada en el caso de autos. Por esta razón, *se expide el auto, se confirma el dictamen del Tribunal de Apelaciones y se devuelve el caso al foro de instancia para que continúe con los procedimientos.*

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. El Juez Presidente Señor Hernández Denton concurrió "por entender que la decisión del Tribunal de Apelaciones es esencialmente correcta. La grabación magnetofónica del testimonio

vertido en la vista preliminar no constituye producto de la labor del abogado exenta del descubrimiento de prueba, porque no contiene pensamientos privilegiados, teorías legales, impresiones mentales ni estrategias de la defensa. Regla 25 de Evidencia, 32 L.P.R.A. Ap. IV; *Ades v. Zalman*, 115 D.P.R. 514 (1984); *Hickman v. Taylor*, 329 U.S. 495 (1947). Tal y como indica el Tribunal de Apelaciones, la grabación es una mera reproducción de la vista preliminar y de los eventos procesales allí ocurridos. Además, el propósito cardinal de las Reglas de Evidencia, incluyendo las relacionadas al descubrimiento de prueba, es que aflore la verdad en todo procedimiento judicial, por lo que debemos evitar imponer trabas que impidan lograr este fin. Regla 2 de Evidencia, 32 L.P.R.A. Ap. IV. Por lo tanto, ordenaría a la defensa a entregarle la grabación al Ministerio Público". El Juez Asociado Señor Fuster Berlingeri y la Juez Asociada Señora Rodríguez Rodríguez concurrieron con lo expresado por el Juez Presidente. La Jueza Asociada Señora Fiol Matta emitió una opinión disidente, a la cual se unieron los Jueces Asociados Señores Rebollo López y Rivera Pérez.

(*Fdo.*) Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*

— O —

Opinión disidente de la Jueza Asociada Señora Fiol Matta, a la cual se unen los Jueces Asociados Señores Rebollo López y Rivera Pérez.

Contrario a la sentencia del Tribunal de Apelaciones, que se confirma por división de este Tribunal, resolvería que, en esta etapa de los procedimientos, la grabación que hizo la representación legal del acusado durante la vista preliminar no debe ponerse a la disposición del Ministerio Fiscal por la vía del descubrimiento de prueba.

# I

Los hechos pertinentes de este caso, que no están en controversia, son los siguientes. En abril de 2003 se presentaron unos cargos contra el Sr. José Aguayo Huertas (peticionario) por los delitos siguientes: asesinato en primer grado, amenaza a testigos, restricción de la libertad agravada, escalamiento agravado y dos cargos por portación ilegal de armas.[1] El Tribunal de Primera Instancia determinó causa probable en todos los cargos. Luego de celebrada la vista preliminar, la defensa del peticionario presentó una moción de descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal de Puerto Rico, 34 L.P.R.A. Ap. II, para que el Ministerio Fiscal pusiera a su disposición varios informes, declaraciones, fotografías, actas y cierta información sobre los testigos. Posteriormente, el Ministerio Fiscal presentó una moción al amparo de la Regla 95A de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en la que solicitó, entre otras cosas, una copia de la grabación magnetofónica de la vista preliminar tomada por la defensa del peticionario. La defensa se negó a poner la referida grabación a disposición del Ministerio Público, alegando que estaba exenta de descubrimiento, ya que era producto de su labor de representación legal (*work product*).

Tras celebrar una vista para discutir la posición de las partes, el Tribunal de Primera Instancia acogió el planteamiento del peticionario y concluyó que la grabación estaba fuera del alcance del descubrimiento de prueba, por lo cual no tenía que ponerse a disposición del Ministerio Fiscal. Inconforme con esta decisión, el Ministerio Fiscal acudió vía recurso de *certiorari* al Tribunal de Apelaciones. Ese foro revocó al Tribunal de Primera Instancia y ordenó el descubrimiento de la grabación objeto de la controversia.

---

[1] Estos cargos corresponden a los Arts. 83, 239a, 131 y 171 del Código Penal de 1974 (33 L.P.R.A. sec. 4002, 4435a, 4172 y 4277), y al Art. 5.04 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 414, respectivamente.

De la sentencia del Tribunal de Apelaciones recurre ante nosotros el peticionario y señala, como único error, que el foro apelativo se equivocó al resolver que la grabación hecha por su abogado durante la vista preliminar no constituía producto de la labor de su representación legal (*work product*). El peticionario sostiene todo lo contrario y aduce, además, que el Ministerio Fiscal tuvo la oportunidad de grabar las incidencias de la vista preliminar, y que pesar de que nada se lo impidió, no lo hizo.

## II

En lo referente al descubrimiento previo al juicio a favor del Ministerio Público, la Regla 95A de Procedimiento Criminal de Puerto Rico, *supra*, establece:

> (a) Previa moción del Ministerio Fiscal luego de que el acusado haya solicitado el descubrimiento de prueba bajo las cláusulas (3) y (4) del inciso (a) de la Regla 95, y dentro del término prescrito para someterla, el tribunal ordenará al acusado que permita al Ministerio Fiscal inspeccionar, copiar o fotocopiar el siguiente material o información que esté en posesión, custodia o control del acusado y que pretenda presentar como prueba en el juicio:
> (1) Cualquier libro, papel, documento, fotografía u objetos tangibles.
> (2) Cualquier resultado o informe de exámenes físicos o mentales y de pruebas científicas o experimentos realizados en relación con el caso en particular.
> (b) Esta regla no autoriza inspeccionar, copiar o fotocopiar récords, correspondencia, escritos o memorandos que sean producto de la labor del acusado o del abogado del acusado en la investigación, estudio y preparación de su defensa, ni de cualquier comunicación hecha por el acusado, como tampoco de aquellas declaraciones hechas por el acusado, por los testigos o posibles testigos de la defensa o de El Pueblo para el acusado o para los agentes o abogados del acusado.

Se puede colegir de lo citado que el descubrimiento de prueba a favor del Ministerio Fiscal permitido por esta regla se limita a reciprocar el descubrimiento de cierto tipo

de evidencia solicitada por el acusado. E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1993, Vol. III, Sec. 28.2, pág. 338. En síntesis, la defensa tiene la obligación de descubrirle prueba al Ministerio Fiscal siempre que:

1. La prueba sea materia pertinente, bajo el laxo estándar de pertinencia utilizado para el descubrimiento de prueba antes del juicio. Véanse: E.L. Chiesa Aponte, *Tratado de Derecho Probatorio*, San Juan, Pubs. J.T.S., 1998, T. I, Sec. 4.4, pág. 237; *Pueblo v. Rodríguez Sánchez*, 109 D.P.R. 243, 247 (1979); *Pueblo v. Santa-Cruz*, 149 D.P.R. 223, 232 (1999); Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos, op. cit.*, pág. 339.

2. La prueba no sea materia privilegiada según las Reglas de Evidencia. Véase Chiesa Aponte, *Tratado de Derecho Probatorio, op. cit.*, pág. 237.

3. La prueba solicitada esté en posesión, custodia o control del acusado. *Pueblo v. Calderón Álvarez*, 140 D.P.R. 627, 641 (1996).

4. La defensa del acusado pretenda presentar esa prueba en el juicio.

5. El acusado le hubiera solicitado antes a la Fiscalía ese mismo tipo de descubrimiento bajo la Regla 95(a)(3) ó (4), 32 L.P.R.A. Ap. II.

6. La prueba no sea producto de la labor del acusado o de su abogado, o no sea una comunicación protegida según se establece en la misma Regla 95A(b), *supra.*

No hay duda de que la cinta magnetofónica que desea descubrir la Fiscalía está en posesión de la defensa, es pertinente al caso y no está cobijada bajo ninguno de los privilegios establecidos por nuestras Reglas de Evidencia. Por lo tanto, cumple con los tres primeros requisitos que exige la citada Regla 95A para poder ser descubierta a la Fiscalía antes del juicio. En cuanto a los demás requisitos, para delinear sus contornos y entender el alcance del deber recíproco de descubrimiento que establece la Regla 95A, *su-*

*pra*, es preciso estudiar el trasfondo histórico de esta regla y del descubrimiento de prueba en casos criminales en nuestra jurisdicción.

## III

A causa de la naturaleza competitiva del sistema adversativo, el descubrimiento de prueba, en el campo penal, se regía en sus inicios por "la teoría deportista de la justicia". Véase J.E. Norton, *Criminal Discovery: Experience Under the American Bar Association Standards*, 11 Loy. U. Chi. L.J. 661 (1980). Se entendía entonces que el sistema adversativo requería que los abogados obtuvieran por su cuenta toda la evidencia necesaria para probar sus casos, y que aquel que lo hiciera con suficiente diligencia sería el vencedor en el juicio. Se pensaba que esta competencia entre los abogados propendía a que surgiera la verdad durante el juicio. Por lo tanto, esta teoría "deportista" del proceso desincentivaba cualquier tipo de descubrimiento de prueba. De hecho, en la jurisdicción federal, antes de que se aprobaran las Reglas de Procedimiento Criminal, el descubrimiento de prueba en el campo criminal, salvo contadas excepciones, era prácticamente inexistente. Véase 2 *Orfield's Federal Criminal Procedure under the Federal Rules* Sec. 16:5, pág. 506 (1966).

En Puerto Rico la situación era igual. El sistema californiano de procedimiento penal que adoptamos en 1902 se sustentaba en el modelo adversativo y "la teoría deportista de la justicia", y por lo tanto, no proveía para realizar ningún tipo de descubrimiento de prueba en los casos criminales. Véase el Código de Enjuiciamiento Criminal de Puerto Rico de 1902 (34 L.P.R.A. sec. 1 n. (ed. 1971)). No obstante, amparándonos en los derechos contenidos en reglas de carácter procesal y probatorio vigentes en la época, en los preceptos de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico y en el ideal de la

búsqueda de la verdad, los tribunales puertorriqueños fuimos abriendo ciertos espacios para ello. Véanse: *Pueblo v. Ribas*, 83 D.P.R. 386, 389–392 (1961); *Pueblo v. Cortés*, 79 D.P.R. 818, 826–828 (1957).

El Código de Enjuiciamiento Criminal de 1902 estuvo vigente hasta 1963, cuando se adoptaron las Reglas de Procedimiento Criminal de Puerto Rico, siguiendo el modelo de las reglas federales de procedimiento criminal de 1946 que habían incorporado al modelo procesal criminal estadounidense un limitado descubrimiento de prueba en favor del acusado.[2] Al hacerlo, adoptamos también una nueva visión del descubrimiento de prueba en el campo penal. Respondimos de esa forma a las nuevas tendencias interpretativas de la Constitución, a los reclamos de los abogados de defensa —quienes exigían que se liberalizara el descubrimiento de prueba para poder representar adecuadamente a sus clientes— y a las críticas del sistema adversativo estadounidense que era considerado más una competencia que una auténtica búsqueda de la verdad. Véase *Orfield's*, supra, Sec. 16:4, pág. 505.

No hay duda de que el derecho del acusado a descubrir prueba tiene una base constitucional sólida en el derecho del acusado a defenderse.[3] Sin embargo, la introducción de este derecho a las Reglas de Procedimiento Criminal trajo también un reclamo del Ministerio Fiscal. Éste sostuvo que se le colocaba en desventaja y solicitó, por lo tanto, que se adoptara una regla de descubrimiento liberal que abandonara "la teoría deportista de la justicia" y permitiera el descubrimiento de prueba a favor tanto de la Fiscalía como de la defensa. Véanse: *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 666 (1985); *Pueblo v. Tribunal Superior*, 99 D.P.R. 98, 104 (1970); Norton, *supra*, pág.

---

[2] Véase la Regla 16 de Procedimiento Criminal federal de 1946 (18 U.S.C.A. App.); 2 *Orfield's Federal Criminal Procedure under the Federal Rules* Sec. 16:9, pág. 516 (1966).

[3] Sobre el alcance constitucional del descubrimiento de prueba a favor del acusado, véase *Pueblo v. Rodríguez Sánchez*, 109 D.P.R. 243, 246 (1979).

662. Estos nuevos reclamos enfrentaban un escollo constitucional: el derecho del acusado a no incriminarse. Véase Norton, *supra*, págs. 662–663. También se confrontaban con la inexorable realidad de que es al Estado a quien le corresponde probar más allá de toda duda razonable la culpabilidad de un acusado y, por lo tanto, a quien le corresponde obtener la prueba necesaria para ello utilizando sus recursos y no los del acusado. Véase *Pueblo v. Rosaly Soto*, 128 D.P.R. 729, 739 (1991).

En 1966, estas preocupaciones llevaron al Gobierno federal a adoptar un modelo de descubrimiento de *quid pro quo*. De acuerdo con este modelo, la defensa está obligada a reciprocar ciertos pedidos de descubrimiento que haga la Fiscalía.[4] Otras jurisdicciones estatales, como California, asumieron posturas más liberales y comenzaron a incluir entre sus reglas procesales reglas de descubrimiento de aviso previo (*advance notice*) para la Fiscalía. Véase Norton, *supra*, págs. 663–664. Estas reglas proveen mecanismos para que se le anticipe a la Fiscalía cierta información sobre testigos, exámenes o algunas defensas. Una modalidad de este tipo de reglas se adoptó en Puerto Rico en 1963 en la Regla 74 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.[5] Con esta regla, Puerto Rico intentó colocarse en la vanguardia en cuanto al descubrimiento de prueba en casos criminales. Sin embargo, el alcance de este descubrimiento de aviso previo para la Fiscalía era muy limitado, por lo que no representó un gran avance en la liberalización del sistema de descubrimiento criminal puertorriqueño.

No fue hasta 1988 que realmente comenzó la liberalización del sistema de descubrimiento de prueba en el área

---

[4] Véase Regla 16(b) de Procedimiento Criminal federal (18 U.S.C.A. App.); J.E. Norton, *Criminal Discovery: Experience Under the American Bar Association Standards*, 11 Loy. U. Chi. L.J. 661, 663–664 (1980).

[5] Dicha regla exige que se anticipen las defensas de coartada y de incapacidad mental, y se proporcione cierta evidencia a la Fiscalía, al tiempo que establece una obligación recíproca de esta última con la defensa de proveerle la evidencia que utilizará para refutar las defensas.

penal. En ese año, se reformó la regla de descubrimiento de prueba de las Reglas de Procedimiento Criminal de 1963.(6) Con esta enmienda se reiteró el derecho constitucional del acusado a tener un descubrimiento a su favor y se amplió su alcance. Además, en esa reforma se introdujeron las Reglas 95A y 95B (34 L.P.R.A. Ap. II). La primera regla, que siguió el modelo de la Regla 16(b) de Procedimiento Criminal federal, 18 U.S.C.A. App.,(7) se incorporó con el fin de reconocer estatutariamente un limitado descubrimiento de prueba a favor del Ministerio Fiscal, acogiendo así el principio federal del descubrimiento de prueba criminal *quid pro quo*. La segunda se adoptó con el fin de regular el proceso de descubrimiento de manera detallada en la esfera penal. Hoy día, más de quince años después de su adopción, no se ha precisado el alcance de estas modificaciones, a excepción de los primeros tres criterios que enumeramos antes. A continuación analizamos los demás requisitos establecidos en la citada Regla 95A.

A. *Que se trate de prueba que la defensa del acusado pretenda presentar en el juicio*

Según este criterio, el Ministerio Fiscal sólo tiene derecho a descubrir aquella prueba que vaya a ser presentada en el juicio. Esto implica que queda fuera del descubrimiento de prueba antes del juicio la prueba recopilada por la defensa con la intención de utilizarla en otras etapas del

---

(6) La regla de descubrimiento incorporada en 1963 disponía:

"Previa moción del acusado sometida en cualquier momento después de haberse presentado la acusación, el tribunal podría ordenar al fiscal que produzca para ser inspeccionados, copiados o fotografiados por el acusado o su abogado, determinados objetos, libros, documentos y papeles que no fueren declaraciones juradas, con excepción de la declaración del propio acusado, que El Pueblo hubiese obtenido del acusado o de otras personas mediante orden judicial o de otro modo y que pudieren ser necesarios para la preparación de la defensa del acusados, independientemente de que El Pueblo se propusiere ofrecerlos en evidencia o de que los mismos fueren admisibles en evidencia. La orden especificará el tiempo, lugar y manera de hacer la inspección, de sacar las copias o tomar las fotografías y podrá prescribir los términos y condiciones que el tribunal estimare justos." 34 L.P.R.A. Ap. II, R. 95 (ed. 1971).

(7) Véase E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1993, Vol. III, Sec. 28.2, pág. 338.

proceso que no sean el juicio, así como la prueba *colateral* o *no sustantiva* que posea la defensa, entiéndase, la prueba que no va a ser utilizada para probar los elementos de la causa de acción. La intención de la regla es que las partes estén adecuadamente preparadas *para el juicio*, y que éste discurra de manera rápida y sin inconvenientes. Véase Exposición de Motivos de la Ley Núm. 58 de 1 de julio de 1988, Leyes de Puerto Rico, pág. 287. Descubrir evidencia que no se usará en el juicio o que no constituye *prueba verdaderamente sustantiva* no propicia ese objetivo.([8]) Por el contrario, podría entorpecer la labor de los abogados en las etapas anteriores o posteriores al juicio. Además, sería una intromisión injustificada en la labor de representación legal de los abogados, que está protegida por la misma Regla 95A, *supra*.([9])

Detrás de este esquema se encuentra primeramente el objetivo consagrado en nuestra Constitución y en las Reglas de Procedimiento Criminal de que el proceso penal sea rápido y ágil. Véanse: Art. II, Sec. 11, Const. E.L.A., L.P.R.A. Tomo 1; Regla 64 Procedimiento Criminal de Puerto Rico, 34 L.P.R.A. Ap. II. Permitir el descubrimiento de evidencia *colateral* o *no sustantiva* antes del juicio abriría la puerta para descubrir una cantidad enorme de información que no es necesaria para la adecuada preparación de los abogados en el pleito.([10]) Además, convertiría el proceso penal en un procedimiento lento y susceptible de ser

---

([8]) Por consiguiente, no se podría descubrir antes del juicio la evidencia que se acopie con el propósito de utilizarla para impugnar la prueba testifical de la parte contraria, para la identificación o autenticación de cierta evidencia, para probar o impugnar la competencia de un testigo, o para realizar un *voir dire* para la calificación de un perito.

([9]) Véase el acápite C de esta sección.

([10]) El análisis de las disposiciones de la Regla 95B, 34 L.P.R.A. Ap. II, en conjunto con las otras reglas de procedimiento criminal y las reglas de evidencia que regulan el descubrimiento de prueba, nos lleva a concluir que la prueba que puede ser descubierta según la Regla 95A de Procedimiento Criminal de Puerto Rico, 34 L.P.R.A. Ap. II, es prueba sustantiva a presentarse en el juicio. Si se incluyera bajo esta regla tanto la prueba sustantiva como la *no sustantiva* o *colateral*, la Regla 74 de Procedimiento Criminal de Puerto Rico, 34 L.P.R.A. Ap. II, y las Reglas 8 y 47 de Evidencia, 32 L.P.R.A. Ap. IV, carecerían de sentido y de aplicación.

entorpecido continuamente por requerimientos de descubrimientos de prueba. Esto está en clara contraposición con la naturaleza del proceso penal en nuestra jurisdicción.

En segundo lugar se encuentra la noción de que el descubrimiento resulta innecesario y hasta superfluo cuando no hay certeza sobre el uso de la prueba en el juicio. El derecho al descubrimiento de prueba está cimentado en que sólo se justifica entrometerse en el expediente de los abogados contrarios cuando esto es *necesario para evitar sorpresas injustificadas durante el juicio* y se propicia la adecuada presentación de los casos por ambas partes. Véase J.W. Strong y otros, *McCormick on Evidence*, 5ta ed., Minnesota, Ed. West, 1999, Sec. 28.2, pág. 148. Descubrir evidencia *no sustantiva* o *colateral* en nada propicia estos objetivos. Este tipo de prueba no cambia la forma en que los abogados presentarían sus casos ni modifica sustancialmente el tipo o la cantidad de evidencia que los abogados, a su mejor criterio, presentarían en el juicio.

Además, debemos recordar que el descubrimiento de prueba antes del juicio se permitió originalmente con la intención de brindarle a las partes la oportunidad de prepararse para refutar la prueba de sus contrarios y agilizar de este modo el juicio. No se concibió con el propósito de descubrir las estrategias de los contrincantes. Para esto, las Reglas de Evidencia regulan el descubrimiento de prueba durante el juicio.[11]

---

[11] Las Reglas de Evidencia proveen suficientes salvaguardas para evitar que la imposibilidad del descubrimiento de la evidencia *no sustantiva* o *colateral* antes del juicio represente durante el juicio dilaciones o sorpresas indebidas a la parte contraria o un impedimento para que ésta se pueda preparar adecuadamente para rebatir la prueba que se presente. Por ejemplo, la referida Regla 47 dispone que en casos en los que se utilicen declaraciones anteriores para impugnar algún testigo, el abogado que conduce el contrainterrogatorio deberá "sentar las bases" antes de la impugnación y, de ser necesario, deberá descubrir la declaración a la parte contraria. Véase *United States v. Nobles*, 422 U.S. 225 (1975). Igualmente, la Regla 8 de Evidencia, *supra*, permite descubrir prueba cuando la declaración anterior que se traía sólo con el propósito de impugnar se utiliza luego como prueba sustantiva según lo permite la Regla 63 de Evidencia, 32 L.P.R.A. Ap. IV, o en caso de que se utilice prueba que no pudo ser descubierta antes del juicio porque no lo permitían las reglas de descubrimiento o se conoció luego del descubrimiento previo al juicio.

**B.** *Que el acusado haya solicitado antes al Ministerio Público el mismo tipo de descubrimiento*

Este quinto criterio recoge la novedosa norma del descubrimiento *quid pro quo* a favor del Ministerio Fiscal. De acuerdo con esta modalidad, el Ministerio Público tendrá derecho a solicitar el descubrimiento de prueba científica, documental o demostrativa cuando la defensa haya solicitado ese mismo tipo de prueba al amparo de la Regla 95 de Procedimiento Criminal de Puerto Rico, *supra*. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos, op. cit.*, pág. 338; *Pueblo v. Calderón Álvarez*, supra, pág. 640. Es pertinente señalar que, a pesar que esta regla establece que se puede descubrir prueba documental y demostrativa, esto no significa que se pueda descubrir prueba sobre declaraciones que tenga la defensa en papeles, grabaciones o cualquier otro objeto tangible que las pueda recoger. Las declaraciones no son parte de este tipo de evidencia.(¹²) Véanse: Strong y otros, *op. cit.*, Sec. 212, pág. 338; Norton, *supra*, pág. 682.

Realmente, el descubrimiento de declaraciones es muy limitado, aun cuando es a favor de la defensa. Hoy, al amparo de la Regla 95, *supra*, el descubrimiento de las declaraciones en las etapas previas al juicio se limita a las declaraciones juradas de testigos que hayan declarado en la vista preliminar y a las declaraciones juradas del acusado. Reglas 95(a)(1) y (2) de Procedimiento Criminal de Puerto Rico, 34 L.P.R.A. Ap. II. De hecho, en los orígenes de la regla sólo se tenía acceso a las declaraciones del acusado.(¹³)

---

(¹²) El profesor McCormick se refiere a la evidencia demostrativa en general, incluida la documental, de la forma siguiente:

"There is a type of evidence which consists of things, e.g., weapons, whiskey bottles, writings, and wearing apparel, *as distinguished from the assertions of witnesses (or hearsay declarants)* about things. Most broadly viewed, this type of evidence includes all phenomena which can convey a relevant firsthand sense impression to the trier of fact, *as opposed to those which serve merely to report secondhand the sense impressions of others.*" (Énfasis suplido.) J.W. Strong y otros, *McCormick on Evidence*, 5ta ed., Minnesota, Ed. West, 1999, Sec. 212, pág. 338.

(¹³) Véase el escolio 6.

Las declaraciones que tenga la defensa de testigos en el caso están fuera del alcance de la Regla 95A, *supra*, ya que no son parte de ese "algo por algo" que constituye el *quid pro quo* de la regla. La reciprocidad que dispone la Regla 95A se refiere a los subincisos (3) y (4) de la Regla 95(a), *supra*. Éstos se refieren, a su vez, exclusivamente a prueba científica, demostrativa y documental en su acepción más fiel.

C.  *Que la prueba no sea producto de la labor del acusado o del abogado, o una comunicación protegida*

Este criterio protege de descubrimiento a la prueba que sea producto de la labor de representación legal del abogado (*work product*) o de la labor del propio acusado. Protege así mismo a las comunicaciones hechas por cualquier testigo a la defensa y las comunicaciones o declaraciones hechas por el acusado a su abogado. La última categoría equivale al privilegio abogado-cliente, mientras que las anteriores se ubican todas bajo la inmunidad de la labor de representación legal del abogado (*work product*).

No obstante, la citada Regla 95A le ofrece a la prueba, bajo esta última categoría, una protección mayor que la que es usual bajo la doctrina del *work product*. Con mucha probabilidad, esta mayor protección se deba a que nuestro ordenamiento prohíbe al Ministerio Fiscal interrogar los testigos de la defensa (Art. 11 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 11), mientras que se permite a la defensa entrevistar a los testigos del Ministerio Público que voluntariamente accedan a ello. *Hoyos Gómez v. Tribunal Superior*, 90 D.P.R. 201, 204 (1964). Véase Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos, op. cit.*, págs. 340–341. Además, la segunda categoría amplía la protección del *work product* al incluir la labor del acusado dentro de la exclusión de prueba susceptible de ser descubierta y al reconocerlo así como poseedor de la inmunidad. La interpretación que usualmente han dado los tribunales a esta doctrina reco-

noce solamente al abogado como poseedor de la inmunidad, aunque la extiende también a la labor de los agentes del abogado. Véase 3 *Wharton's Criminal Evidence 15th* Sec. 11:30, pág. 104 (1999).

Como se puede colegir, la Regla 95A de Procedimiento Criminal de Puerto Rico, *supra*, recoge en su cláusula de exclusión esencialmente los privilegios o las inmunidades hermanas de *work product* y del privilegio abogado-cliente, que han desarrollado los tribunales para proteger la relación de los abogados con sus clientes y propender a que los clientes gocen de una representación adecuada y efectiva. Véanse: R.S. Hunter, *Federal Trial Handbook: Criminal*, 4ta ed., St. Paul, Ed. Thomson-West, 2005, Secs. 50:15–50:16, págs. 877–878; E.S. Epstein y otros, *The Attorney-Client Privilege and the Work-Product Doctrine*, 2da ed., Chicago, ABA Press, 1989, pág. 99.

No es necesario referirnos al privilegio abogado-cliente para resolver este caso. Sin embargo, ya que se ha planteado en este caso que conceder lo solicitado por el Ministerio Público violaría la inmunidad bajo la doctrina del *work product*, mirémosla más de cerca. Esta doctrina, que ha presentado serias controversias en el campo penal, surgió y se desarrolló en el campo civil. Véanse: V.K. Yamaguchi, *Discovery and the Work Product Doctrine*, 11 Loy. U. Chi. L.J. 863, 863–864 (1980); Epstein y otros, *op. cit.*, págs. 100–101. Sin embargo, se ha reconocido que su aplicación en el campo penal es aún más vital para el funcionamiento de este sistema. Hunter, *supra*, pág. 878; United States *v. Nobles*, 422 U.S. 225, 238 (1975). Además de los objetivos que mencionáramos, la inmunidad de la labor legal del abogado pretende alentar y preservar nuestro sistema adversativo. También intenta prevenir la litigación indolente y despreocupada, y evitar que los abogados se recuesten de la labor del abogado de la parte contraria. Véanse: *National Union Fire Ins. v. Murray Sheet Metal*, 967 F.2d 980, 985 (4to Cir. 1992); *Scouters v. Fred W. Al-*

*brecht Grocery Co.*, 15 F.R.D. 55, 58 (1953); L. Gold y D. Leonard, *Evidence: A Structured Approach*, Nueva York, Aspen Pub., 2004, pág. 570.

La doctrina de *work product* distingue entre el trabajo que forma parte de la labor rutinaria del abogado y el trabajo que recoge las opiniones, las impresiones legales y el esfuerzo mental del abogado. Véanse: *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d. 1007, 1014 (1er Cir. 1988); *Sporck v. Peil*, 759 F.2d 312, 316 (3er Cir. 1985), *cert.* denegado, 474 U.S. 903; Epstein y otros, *op. cit.*, pág. 102; *Wharton's Criminal Evidence 15th*, supra, pág. 102. La primera categoría incluye la prueba preparada o recolectada por el abogado o sus agentes en anticipación a un litigio. La segunda categoría recoge los procesos mentales del abogado vertidos en objetos tangibles o en la estructuración estratégica de su prueba para su presentación durante el juicio. Véanse: *Wharton's Criminal Evidence 15th*, supra, pág. 102; Epstein y otros, *op. cit.*, págs. 109–130 y 139–145; *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 697–698 (S.D. Fla. 1990).

Estas dos categorías se protegen de maneras distintas. La jurisprudencia protege la primera categoría de manera más laxa que la segunda, porque el conflicto de intereses entre el descubrimiento y la protección a la labor del abogado es menor. Para descubrir evidencia que fue preparada o recolectada por el abogado o sus agentes en anticipación a un litigio, se requiere que se demuestre una necesidad sustancial y un impedimento extraordinario que no permita a la parte contraria conseguirla sin recurrir al descubrimiento previo al juicio. Sin embargo, los documentos o la prueba que recogen los procesos mentales del abogado son por norma general inmunes, siempre y cuando no se demuestre una situación extraordinaria[14] que requiera

---

[14] Situaciones extraordinarias serían: (1) que la conducta del abogado está en controversia o (2) que se invoque la doctrina para impedir el descubrimiento de

permitir un descubrimiento delimitado. *Wharton's Criminal Evidence 15th*, supra, pág. 103; Epstein y otros, *op. cit.*, págs. 130–153; *United States v. Pepper's Steel & Alloys, Inc.*, supra, págs. 697–699.

En síntesis, la Regla 95A, *supra*, dispone que no se podrá descubrir evidencia que fue recolectada por la defensa en anticipación al juicio, a menos que la Fiscalía demuestre una necesidad sustancial y un impedimento extraordinario para conseguirla de otras formas. Tampoco se podrán descubrir los documentos o la prueba que recogen los procesos mentales de la defensa en ausencia de situaciones extraordinarias, siempre y cuando la defensa no renuncie a la inmunidad, en cuyo caso puede descubrirse.([15])

IV

Tomando en cuenta el trasfondo histórico del descubrimiento de prueba en el campo penal y nuestro análisis de los requisitos dispuestos en la Regla 95A de Procedimiento Criminal de Puerto Rico, *supra*, denegaríamos la solicitud del Ministerio Público.

La cinta magnetofónica que el Ministerio Público solicita descubrir no constituye prueba sustantiva que, de ordinario, la defensa utiliza durante el juicio. La grabación de las declaraciones de los testigos del Ministerio Público en la vista preliminar no significa que esas declaraciones serán utilizadas como prueba sustantiva de la defensa en el juicio. Se trata más bien de un mecanismo para preservar la prueba presentada en la vista preliminar en el caso de que sea necesaria para etapas posteriores, lo cual está

---

prueba y así poder realizar un crimen o un fraude. E.S. Epstein y otros, *The Attorney-Client Privilege and the Work-Product Doctrine*, 2da ed., Chicago, ABA Press, 1989, pág. 149.

([15]) La inmunidad bajo la doctrina del *work product* puede ser renunciada. Se entiende que así lo ha hecho el abogado cuando presenta la evidencia protegida por la inmunidad como prueba durante el juicio. Véanse: 3 *Wharton's Criminal Evidence 15th* Secs. 11:32–11:33, págs. 108–111 (1999); Epstein y otros, *op. cit.*, págs. 139–153; *United States v. Nobles*, supra, pág. 230.

permitido por nuestra jurisprudencia y por nuestras Reglas de Procedimiento Criminal,([16]) tal como cuando la defensa utiliza la grabación para impugnar el testimonio que presta un testigo de cargo durante el juicio. También es un vehículo apropiado para que los abogados de defensa se preparen para los contrainterrogatorios de los testigos de cargo y para que puedan diseñar adecuadamente sus estrategias de litigio.([17]) Tampoco corresponde la grabación al tipo de evidencia que puede descubrir la Fiscalía bajo el descubrimiento *quid pro quo.* Lo que recolectó la defensa en la cinta magnetofónica en este caso no es evidencia demostrativa sino declaraciones, que como expusimos, están fuera del alcance de la regla. Por otro lado, la grabación es materia protegida por la inmunidad de la labor legal del abogado, que no puede ser descubierta a menos que existan circunstancias extraordinarias, que no están presentes en este caso. Además, en este caso no podemos hablar en propiedad de descubrimiento de prueba, ya que lo que solicita o intenta descubrir la Fiscalía es la grabación *de sus propios testigos,* cuyo testimonio conoce o debe conocer. En palabras simples, *no se puede descubrir lo que ya se conoce.*

Por otra parte, permitir que se descubra este tipo de evidencia desalentaría que la defensa grabara los procedimientos en vista preliminar, que todavía hoy no son grabados oficialmente. No existe razón alguna, ni siquiera un argumento de política pública, que nos lleve a concluir que la grabación en controversia debe ser descubierta al Ministerio Público. Nuestras reglas de descubrimiento, a pesar de ser sumamente liberales, no alcanzan lo que pretende el Ministerio Público en este caso.

Por todo lo anterior, resolvería que la grabación que hizo la defensa del peticionario de los testimonios vertidos en la

---

([16]) Véanse: *Pueblo v. Hernández Santiago,* 97 D.P.R. 522, 535–536 (1969); Regla 200 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

([17]) Véanse: Advisory Committee on Pretrial Proceedings, *ABA Project on Minimum Standards for Criminal Justice: Standards Relating to Discovery and Procedure before Trial* 31 (1970); *Orfield's,* supra, Sec. 16:8, pág. 514.

vista preliminar no debe ponerse a la disposición del Ministerio Fiscal en esta etapa de los procedimientos. No siendo ese el resultado de la deliberación de este Tribunal, disiento.